(\*) ROLLINS *versus* RICHARDS.

An execution-debtor's relief bond obliges him, within six months, to deliver himself to the keeper of the jail, unless he have disclosed his property affairs or paid the amount due on the execution.

After the giving of such a bond upon the execution, no action upon the judgment can be maintained, if commenced before the expiration of the six months.

ON FACTS AGREED.

DEBT on a poor debtor's relief bond.

The plaintiff recovered a judgment against the principal defendant. Upon the execution issued on that judgment, the defendant was arrested, and gave the poor debtor's relief bond. One of its alternative conditions being, that within six months, he would deliver himself into the custody of the keeper of the jail, &c.

Mahoney *v.* Crowley.

This is an action of debt upon the judgment, brought after the giving of the bond and within six months.

*G. W. Crosby,* for the plaintiff.

*Rowe & Bartlett,* for the defendants.

HATHAWAY, J. — This action was commenced after the debtor's release from arrest on execution, by giving bond; his body, or the bond in place of it, was holden for satisfaction of the judgment. No suit, then, on that judgment, could be maintained without some statute provision authorizing it. The facts agreed, do not maintain the plaintiff's action under R. S., c. 119, § 56.

By c. 148, § § 42 and 59, the debtor's person may be discharged, without discharging the judgment or his property, the body only is to be forever exempt. By § 60, the fact of discharge may be indorsed on the execution, which, if it has not expired, may be enforced, and when the return day be passed may be renewed. By § 61, whether such indorsement be made on the execution or not, an action of debt on the judgment may be maintained, — *That is,* it may be maintained *after* an actual discharge of the debtor's person, (although the indorsement thereof be not made on the execution,) but not *before,* and while he is liable to be surrendered and go into prison on the first judgment.

The second action pursues the *property* of the debtor, and can be maintained *only,* when his person has been discharged from liability to imprisonment in execution of the first judgment. *Plaintiff nonsuit.*

SHEPLEY, C. J., and TENNEY, RICE and APPLETON, J. J., concurred.

(*) MAHONEY, *Complainant, versus* CROWLEY.